IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
vs. ) Criminal No. 05-18
) See Civil Action No. 07-1494
DALARIAN T. SNOW, )
)
Defendant/petitioner. )

O R D E R

AND NOW, this 29th day of January, 2008, upon consideration of Petitioner Dalarian T. Snow's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" (document No. 61) filed in the above-captioned matter on November 2, 2007,

IT IS HEREBY ORDERED that said Motion is DISMISSED.

Petitioner, Dalarian T. Snow, was indicted in this case at four counts. Counts One, Two, and Four each charged Petitioner with possession with intent to distribute 5 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii). Count Three charged Petitioner with possession of a firearm in relation to a drug trafficking offense, in violation of Title 18, United States Code, Section 924(c)(1)(A). On June 16, 2005, Petitioner changed his previous plea of not guilty as to these counts to a plea of guilty. In connection with his change of plea, he and the Government entered into a plea agreement

1

which included a provision that Petitioner "further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence."[1] The Court accepted Petitioner's plea, and he was subsequently sentenced to 147 months' imprisonment and five years of supervised release. Petitioner now has filed the present motion seeking to vacate his sentence under 28 U.S.C. § 2255.

Section 2255 permits "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law ... [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." However, in this case, it is not necessary for the Court to consider the merits of Petitioner's claims under Section 2255 because, pursuant to the plea agreement in this case, Petitioner has clearly and unambiguously waived his right

---

[1] The Court notes that Petitioner's waiver of his right to file a *direct appeal* did contain certain exceptions; in particular, he retained the right to take a direct appeal from his conviction on the issue of whether the Court erred in denying his motion to suppress evidence. Petitioner's waiver of his right to file a Section 2255 motion or otherwise seek collateral relief, however, contained no such exceptions.

2

to file a motion under Section 2255 or to otherwise seek collateral relief.

A criminal defendant's waiver of his right to file a motion under Section 2255 or to otherwise seek collateral relief is valid if entered into "knowingly and voluntarily" unless it would work a "miscarriage of justice." United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Perry, 142 Fed. Appx. 610, 612 (3d Cir. 2005). See also United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001); Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); Watson v. United States, 165 F.3d 486, 488-89 (6th Cir. 1999); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). In the present case, Petitioner does not allege, much less present evidence suggesting or establishing, that he entered into the waiver contained in the plea agreement unknowingly or involuntarily.[2] Further, Petitioner does not allege that enforcing

---

[2] The Court does note that Ground One of Petitioner's motion states that "The guilty plea was involuntary and unintelligent as to the § 924(c) count based upon the Court and Government's conclusion that the evidence supported the [] 'in relation to' requirement and speculating that a jury could infer that the gun served to facilitate a drug trafficking offense." The Court is cognizant of the fact that pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247 (3d Cir. 1999). However, even a pro se litigant must be able to prove a "set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 520-21 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Petitioner's statement in Ground One is not actually a challenge to his plea, but rather a legal argument regarding the interpretation of 18 U.S.C. § 924(c). He does not provide any basis for arguing that his plea was itself involuntary or unintelligent. More to the point, he does not allege, much less attempt to prove, that the waiver in this case was invalid. The Court further notes that Petitioner does not raise any claims of ineffective assistance of counsel in connection with the waiver.

3

the waiver will work a miscarriage of justice, nor is there anything in the record that would suggest that enforcement would work such a miscarriage of justice.[3]

Accordingly, Petitioner's motion is dismissed. Further, because the Court does not reach the merits of Petitioner's claims, there exists no basis for issuing a certificate of appealability, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

                                              s/Alan N. Bloch
                                              United States District Judge

ecf:       Counsel of record

cc:        Dalarian T. Snow, #08388-068
            FCI Allenwood
            P.O. Box 2000
            White Deer, PA 17887-2000

---

[3] The Court is aware that Petitioner raises an issue regarding the retroactive application of the crack cocaine guidelines under USSG § 2D1.1. While the instant motion is not the proper vehicle for making this argument, the Court will consider Petitioner's sentence in light of the new guideline once it becomes retroactive on March 3 of this year. Indeed, because 18 U.S.C. § 3582(c)(2) will provide the Court with an avenue for addressing this issue once the issue is ripe, no miscarriage of justice will result from the enforcement of the valid waiver in this case.